## FEINSTEIN v. I. T. S. CO.
### No. 21903.

District Court, N. D. Ohio, E. D.
May 9, 1946.

Wisner & Walsh, of Chicago, Ill., and Russell B. Day, of Cleveland, Ohio, for plaintiff.

Richey & Watts, of Cleveland, Ohio, for defendant.

WILKIN, Judge.

This is a suit for contributory infringement of Feinstein patent 1,594,162. The subject of the patent is a lift for wooden heels for ladies' shoes. The patent had a single claim: "A heel, including a body portion, a covering therefor drawn around the bottom edges of said body portion, a resilient lift secured to said body portion, and a compressible member interposed between said lift and said body portion having an upset outer edge for preventing displacement of said covering on the heel bottom during wear and sealing the junction between said lift and said body portion, said upsetting being effected during the compression of the protruding portion of the compressible member during the buffing operation to which the assembly is subjected."

The plaintiff conceived of vulcanizing a thin fiber disk to the rubber lift to form a composite lift so as to secure the covering of the heel, and then buffing the edge to prevent entrance of foreign substances.

The defendant has sold composite rubber lifts to be applied to covered wooden heels. Its defenses are (1) laches; (2) no contributory infringement (because no direct infringement); (3) anticipation; (4) non-invention; (5) indefiniteness and failure to comply with Section 4888, R.S., 35 U.S. C.A. § 33; (6) lack of utility; (7) misuse of the patent; (8) paper patent; (9) not supported by the specification, functional, indefinite.

■■■ The question of laches was first presented on a motion for summary judgment and was denied by Judge Jones. The decision did not dispose of the matter finally, however, but left the ultimate decision until after full hearing. Judge Jones said in his opinion of March 27, 1945: "The defendant well may have its defense sustained upon trial". The defendant offered evidence in support of this defense, which was received subject to plaintiff's objection. The court did not arrest the trial to examine the record and the law, but received evidence upon the understanding that it would be disregarded if found to be improper in view of Judge Jones' ruling. After consideration of the record and the law, the court finds that the additional testimony offered at time of trial was admissible. It tended to support the claim of the defendant in the manner in which Judge Jones anticipated. A consideration of all the evidence impels the court to sustain the defense of laches. The plaintiff first gave notice of infringement in September, 1931. The defendant replied by denying the plaintiff's claim. The defendant then proceeded to develop its business in the accused heel. It advertised its activities and developed sales outlets for its product. The plaintiff served another notice of infringement in 1937 and was again advised by the defendant that it considered the patent invalid. Suit was not instituted until July, 1943. The plaintiff's attempt to excuse his delay on the ground of poverty is not supported by the evidence or the law.

■■■ The court sustains the next defense. There can be no contributory infringement unless there is infringement, and the evidence reveals no infringement. The mode of operation of the patent is to form an upset or bead around the seam between the tuck of the cover and the bottom of the wooden heel and to stop or seal the crack between the lift and the heel. The mode of operation of the defendant's lift is to cause a gripping which results from the concavo-convex shape of the lift. The concavo-convex heel is flattened out and the tendency of the rubber is to assume its original shape. This action tends to close the seam and grip the tuck of the cover. There is no upset at the edge of the defendant's lift. Where the modes of operation are different there is no infringement. There was no evidence that the defendant had ever given instructions that the fiber on the top of its lift should be upset or spread, as the plaintiff's patent states in the specification and in the claim. The defendant's lift is used in a non-infringing way.

■■■ The next two defenses, anticipation and lack of invention, are also sustained. The evidence supports these two defenses, and the decision of the Court of Appeals in Seiberling Rubber Co. v. I. T. S. Co., 6 Cir., 134 F.2d 871, supports these defenses. The decision in that case is of course not res adjudicata because, as the plaintiff points out, there were different parties and different patents from those involved in this case. But it is quite clear that the conclusions in that case would be applied in this case if this case should reach the Court of Appeals. It was definitely held in that case that vulcanizing fiber to rubber was not invention; that the insertion of an inextensible plate of metal, leather, or fabric between the rubber lift and the wooden heel was established practice, and that the substitution of new materials for old in a conventional combination was not patentable invention. It seems clear from what the Court of Appeals said, that the patent in suit, no more than the

defendant's heel, could escape the effect of the prior art. The court is therefore impelled to the conclusion that the Feinstein patent is invalid under the reasoning and findings announced in that case.

As to the other defenses, 5, 6, 7, 8, and 9, the court finds in favor of the plaintiff. Even here the evidence is not as clear and convincing as it might be. But interpreting it liberally in behalf of the plaintiff, the court is constrained to overrule these last defenses.

Since the sustaining of the first four defenses defeats the plaintiff's right to a recovery, judgment will be entered for the defendant and the complaint will be dismissed at plaintiff's costs.